# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ROGER DALE GODWIN, | : | |
| Plaintiff, | : | |
| vs. | : | CA 21-0486-CG-MU |
| CHARLES O'NEAL GODWIN, | : | |
| Defendant. | | |

## REPORT AND RECOMMENDATION

This *pro se* action has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R) & (S), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action, without prejudice, based upon Roger Dale Godwin's failure to prosecute and to comply with the Court's order dated and entered November 17, 2021 (Doc. 4).

On November 8, 2021, Roger Dale Godwin filed a four-page handwritten complaint against Charles O'Neal Godwin (*see* Doc. 1, PageID. 1-4) together with a motion for appointment of counsel (*see* Doc. 3).[1] However, Godwin's complaint was unaccompanied by payment of the filing fee or a motion to proceed without prepayment of fees. (*See* Docket Sheet). Accordingly, on November 17, 2021, the undersigned entered an order instructing Plaintiff to either pay the fee or to complete and file the Court's form for a motion to proceed without prepayment of fees by not later than December 8, 2021. (Doc. 4, PageID. 10). This order warned Godwin that any "[f]ailure

---

[1] The motion for appointment of counsel was denied by order dated and entered November 18, 2021. (*See* Doc. 5).

to comply with this order within the prescribed time will result in the dismissal without prejudice of this action for failure to prosecute and to obey the Court's order." (*See id.*). To date, Godwin has not filed this Court's form motion to proceed without prepayment of fees nor has he paid the filing fee (*see* Docket Sheet), as previously instructed (*see* Doc. 4).

An action may be dismissed if a plaintiff fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *Brown v. Tallahassee Police Dep't,* 205 Fed.Appx. 802, 802-03 (11th Cir. Nov. 15, 2006) (affirming a without dismissal prejudice of a *pro se* action for failure to follow a court order); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation), *cert. denied,* 549 U.S. 1228, 127 S.Ct. 1300, 167 L.Ed.2d 113 (2007); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

Godwin has not responded to the Court's Order dated and entered on November 17, 2021, instructing him to file this Court's form motion to proceed without prepayment of fees (or pay the filing fee) by not later than December 8, 2021 (*compare* Docket Sheet *with* Doc. 4). Therefore, it is recommended that Godwin's present action be **DISMISSED WITHOUT PREJUDICE**, pursuant to Fed.R.Civ.P. 41(b), due to his failure

to prosecute this action by complying with this Court's lawful order dated and entered on November 17, 2021.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 27th day of December, 2021.

       s/P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**